**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL M. TONEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-cv-3209-EFM-TJJ |
| ) | |
| **GORDON HARROD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend (ECF No. 72). Plaintiff seeks leave to amend his complaint to bring back into the lawsuit a previously dismissed Defendant, Corizon Health Services, Inc. Plaintiff also seeks to add a state law medical malpractice claim against current Defendants Travis Nickelson and Gordon Harrod. Defendant Nickelson and former Defendant Corizon oppose the motion. Upon consideration of the matter, the Court grants the motion in part and denies the motion in part.

**I.     Background**

Plaintiff filed his original *pro se* complaint on August 31, 2015,[1] and six months later moved for leave to file a supplemental complaint.[2] On May 11, 2016, the Court entered a screening order which, among other things, (1) construed Plaintiff's motion for leave to file a supplemental complaint as a motion seeking leave to file an amended complaint, and granted the motion; (2) ordered Plaintiff to file another amended complaint, within 21 days, which stated a

---

[1] ECF No. 1.

[2] ECF No. 9.

claim upon which relief could be granted against Defendant Corizon; and (3) denied Plaintiff's motion for appointment of counsel.[3]  Plaintiff did not further amend his complaint with respect to Corizon, and on June 8, 2016, the Court entered an order dismissing Corizon from this action.[4]

Plaintiff filed three more motions for appointment of counsel and a motion seeking leave to file a second amended complaint.[5]  On February 8, 2017, the Court entered an order denying Plaintiff's motions for appointment of counsel and included the following ruling: "Plaintiff must condense his Complaint (Doc. 1), Amended Complaint (Doc. 12), and proposed Supplemental Complaint (Doc. 37-1) into a single document that sets forth all of the defendants and claims, taking into account the Court's previous rulings (Docs. 11, 13) and this Order. This will allow all parties to operate from a single Complaint going forward."[6]

On February 23, 2017, Plaintiff filed his second amended *pro se* complaint.[7]  On March 8, 2017, Defendant Nickelson and others filed their joint answer.[8]  The State Defendants responded to Plaintiff's second amended complaint by filing a motion to dismiss,[9] which the presiding District Judge granted in part and denied in part.[10]  The undersigned Magistrate Judge

---

[3] ECF No. 11.  Although the order granted a motion to amend, the document Plaintiff filed supplemented but did not repeat the original complaint.

[4] ECF No. 13.

[5] ECF Nos. 27, 35, 39 (motions for appointment of counsel), and 37 (motion for leave to amend).

[6] ECF No. 41.

[7] ECF No. 42.

[8] ECF No. 43.

[9] ECF No. 49.

[10] ECF No. 58.

set a telephone Scheduling Conference following the dispositive motion ruling, and during the call granted Plaintiff's oral motion for appointment of counsel.  The Court appointed counsel and conducted a Scheduling Conference, pursuant to which the parties exchanged their Federal Rule of Civil Procedure 26 initial disclosures.[11]  Consistent with the deadline in the new Scheduling Order,[12] Plaintiff timely filed the instant motion one week after the Scheduling Conference.  The discovery deadline is August 31, 2018, and the record does not reflect that any party has conducted discovery to date.

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[13]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[14]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[15]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[16]  The court may

---

[11] ECF Nos. 68-71.

[12] ECF No. 74.

[13] Fed. R. Civ. P. 15(a)(1).

[14] Fed. R. Civ. P. 15(a)(2).

[15] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[17]

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[18] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[20] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[21] The party opposing the amendment has the burden of showing the proposed amendment is futile.[22]

## III.   Analysis

---

[17] *Id*. (quoting *Foman*, 371 U.S. at 182).

[18] *Mochama v. Butler Cnty., KS*, No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No.3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[20] *Twombly*, 550 U.S. at 555.

[21] *Id.* at 556.

[22] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

Plaintiff seeks to assert claims against Corizon, a Defendant named in his original complaint but later dismissed by the court, and to add an alternative cause of action for medical malpractice against two individual Defendants.  The Court addresses each in turn.

### A.     Adding Corizon as a Defendant

Plaintiff, now assisted by counsel, seeks to once again include Corizon as a party Defendant in this action following its dismissal.  The June 8, 2016 order, which dismissed Corizon and six individual Defendants, did not specify whether it was with or without prejudice. Plaintiff contends it was without prejudice, while Corizon argues the dismissal was with prejudice.  Under Federal Rule of Civil Procedure 41(b), except in situations not applicable in this case, an involuntary dismissal "operates as an adjudication on the merits"[23] or, in other words, with prejudice.

Plaintiff correctly argues that where a pro se pleading is at issue, courts both liberally construe the pleading and are slow to enter dismissals without prejudice unless it is obvious that a plaintiff cannot prevail on the facts as alleged and amendment would be futile.  However, Plaintiff does not acknowledge or seek to distinguish the plain language of Rule 41(b).  While the Court recognizes the difficulty a pro se inmate may face in understanding and complying with court orders, Judge Crow's directive was clear.[24]  When Plaintiff failed to timely comply, Judge Crow entered an order "direct[ing] that Corizon, . . . be dismissed from this case."[25]

---

[23] Fed. R. Civ. P. 41(b).

[24] After setting forth the elements for a private corporation to be liable under § 1983, and pointing out the deficiencies of Plaintiff's allegations and exhibits, the order provides that "[u]nless plaintiff amends the complaint within 21 days to add allegations which support a valid claim for relief against Corizon, the court shall dismiss Corizon as a defendant in this case." ECF No. 11 at 9.

[25] ECF No. 13 at 1.

Because the order did not otherwise state its effect, the order dismissing Corizon was an adjudication on the merits.  The Court denies Plaintiff's motion to amend insofar as it seeks to assert claims against Corizon.

### B. Adding an alternative cause of action for medical malpractice

Plaintiff seeks to add a claim for medical malpractice against Defendants Gordon Harrod and Travis Nickelson, both of whom were named as Defendants in the original pro se complaint. On May 12, 2016, pursuant to Judge Crow's screening order, the Clerk of Court transmitted waivers of service to both Defendants.[26]  Defendant Nickelson, through counsel, filed an answer.  Defendant Harrod did not return the waiver of service and has not appeared in this case.[27]

Anticipating objection, Plaintiff contends Nickelson would not be prejudiced by the proposed amendment because Plaintiff's claim for medical malpractice arises out of the same factual allegations already asserted in Plaintiff's 8th Amendment claim against the same Defendants.  Nickelson does object on the basis of prejudice, arguing that a claim of deliberate indifference requires a far higher burden for Plaintiff than state law claims for medical malpractice.  Nickelson also argues that after two years of preparing a defense, he would need to expand his investigation and he may have lost the opportunity to meet with other individuals who were involved in Plaintiff's medical care during the relevant time.

---

[26] ECF No. 11 at 12.

[27] Plaintiff also asks the Court to extend the time for service of his proposed amended complaint on Defendant Harrod, who did not return his waiver of service, and to determine the identity of and serve Defendant (fnu) Sullivan, who was named in Plaintiff's supplemental complaint (ECF No. 12) but for whom the clerk did not issue a waiver of service. The Court finds Plaintiff has shown good cause for an extension of time in which to serve Gordon Harrod and (fnu) Sullivan. *See* Fed. R. Civ. P. 4(m).  Plaintiff shall obtain service within 60 days of the filing of his Third Amended Complaint.

As the party opposing amendment, Nickelson has the burden to demonstrate prejudice.[28] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[29] While any amendment invariably causes some practical prejudice, a court will find undue prejudice only when the amendment unfairly affects a party's ability to prosecute or defend the lawsuit.[30]

The Court concludes that Nickelson has failed to demonstrate undue prejudice. Although a medical malpractice claim obviously involves different elements than an 8th Amendment claim, both claims arise out of the same facts and Nickelson sets forth no way in which his defense of the latter would hinder or be inconsistent with forming a defense to the former. While he posits that he may have difficulty finding witnesses, such speculation does not suffice to demonstrate prejudice. There is no indication in the record that Nickelson has conducted any discovery to date in this case, no expert witnesses have been identified, and no dispositive motions have been filed. Moreover, the Court extended the discovery deadline to August 31, 2018, the expert disclosure deadlines to July 2018, and the dispositive motions deadline to October 15, 2018. Defendant has failed to demonstrate prejudice sufficient to prohibit the proposed amendment. The Court will grant the motion insofar as it seeks to add a claim of medical malpractice against Defendants Harrod and Nickelson.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend (ECF No. 72) is granted in part and denied in part. The motion is DENIED with respect to Plaintiff's request to

---

[28] *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 645 (D. Kan. 2017) (quoting *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010)).

[29] *Id.* (internal citations omitted).

[30] *See Layne Christensen Co.*, 2011 WL 3847076, at *4 (quoting *Minter*, 451 F.3d at 1205 n.4).

add Corizon to this action as a party Defendant.   The motion is GRANTED with respect to Plaintiff's request to add a state law cause action for medical malpractice against Defendants Gordon Harrod and Travis Nickelson.   Plaintiff shall electronically file his proposed Third Amended Complaint within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff is hereby granted an extension of time, up to and including 60 days from the date he files his Third Amended Complaint, to accomplish service of summons and the Third Amended Complaint upon Defendants Gordon Harrod and (fnu) Sullivan.

IT IS SO ORDERED.

Dated this 1st day of May, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge