IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL M. TONEY,           )
                            )
            Plaintiff,      )
                            )
v.                          )     Case No. 15-cv-3209-EFM-TJJ
                            )
GORDON HARROD, et al.,      )
                            )
            Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants James Heimgartner, Jess Quidichay, Jr., and Zocory Sullivan's Motion to Stay Discovery (ECF No. 131). In their motion, individual Defendants James Heimgartner, Jess Quidichay, Jr., and Zocory Sullivan ask the undersigned Magistrate Judge to enter a stay of discovery pending the presiding District Judge's ruling on their Motions to Dismiss (ECF Nos. 85, 113). Plaintiff opposes the requested stay.[1] For the reasons discussed below, the Court grants the motion.

Plaintiff's claims arise out of his incarceration at El Dorado Correctional Facility. Defendants Heimgartner, Quidichay, Jr., and Sullivan are or were employees of the Correctional Facility. Defendants Harrod and Nickelson are medical personnel employed by Corizon Health Services to provide health care to inmates at the Correctional Facility. The Correctional Facility employees are jointly represented, and Defendants Harrod and Nickelson each have separate counsel. Defendants Heimgartner and Quidichay, Jr. filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), relying in part on the defense of qualified immunity.[2]

---

[1] Defendants Harrod and Nickelson have taken no position on this motion.

[2] ECF No. 85.

1

Defendant Sullivan filed his own motion pursuant to Rule 12(b)(6), also basing it in part on the defense of qualified immunity.[3]

I.      **Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4]  The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[5]  Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[6]  A stay is not favored because it can delay a timely resolution of the matter.[7]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[8]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the

---

[3] ECF No. 113.

[4] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[5] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[6] *McCoy*, 2007 WL 2071770, at *2.

[7] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

[8] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

2

remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[9]

A stay may also be appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity.[10] In that instance, a defendant is entitled to have the question of immunity resolved before being required to engage in discovery and other pretrial proceedings.[11] Qualified immunity "spare[s] a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[12] Further, it is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[13]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[14]

## II. The Parties' Arguments

Defendants Heimgartner, Quidichay, Jr., and Sullivan ("moving Defendants") argue that all discovery should be stayed pending rulings on their motions to dismiss, and they assert the

---

[9] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495). Cases in this district frequently refer to these circumstances as "the *Wolf* factors."

[10] *E.g., Garrett's Worldwide Enterprises, LLC v. United States*, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) (citing cases).

[11] *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).

[12] *Siegert*, 500 U.S. at 232.

[13] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[14] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

presence of all four circumstances as justification for a stay. However, the moving Defendants make no showing of the likelihood the case will be finally concluded as a result of such rulings, nor can they. Defendants Harrod and Nickelson ("non-moving Defendants") have not filed dispositive motions, so at a minimum their claims will survive even if the presiding District Judge grants the two pending motions in their entirety. Nor have the moving Defendants offered anything more than conclusory assertions that the facts sought through the remaining discovery would not affect the ruling on the pending motions, or that discovery on all issues in the case would be wasteful and burdensome.

However, all of the moving Defendants have asserted qualified immunity as a defense, and for that reason alone discovery in the case should be stayed with respect to the moving Defendants. Indeed, Plaintiffs concede as much.[15] But because counsel for the various Defendants have asserted they need to attend all depositions due to the intertwined nature of Plaintiff's claims, Plaintiff observes that "a stay of discovery as to the state defendants Heimgartner, Quidichay, and Sullivan is effectively a stay as to all defendants."[16] Plaintiff objects to the stay of discovery with respect to the non-moving Defendants, arguing the parties will not be able to meet the current Scheduling Order deadlines for completion of discovery and mediation if he is not allowed to proceed with depositions related to his claims against the non-moving Defendants.

### III. Application of the Standard to This Case

---

[15] Plaintiff's Response to Defendants Heimgartner, Quidichay, Jr., and Sullivan's Motion to Stay Discovery (ECF No. 134) at 3.

[16] *Id.*

As noted above, a stay of discovery is warranted for defendants who assert qualified immunity. In this case, where fewer than all Defendants make such assertion but all defense counsel intend to be present at future depositions,[17] the alternatives are a stay of all discovery or bifurcation of discovery between non-moving and moving Defendants. Plaintiff does not advocate for bifurcation, which the Court views as a wholly inefficient alternative and inconsistent with the directive and spirit of Federal Rule of Civil Procedure 1. On the other hand, the Court understands Plaintiff's desire to avoid further delay in a case that has been pending for more than three years. On balance, the Court finds discovery should be stayed. The inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency of redundant depositions.[18]

In addition to granting the stay of discovery, the Court will suspend the mediation deadline and the remaining Scheduling Order deadlines. The Court will convene a telephone conference following rulings on the motions to dismiss to discuss new deadlines, including whether a new mediation deadline should be set.

**IT IS THEREFORE ORDERED** that Defendants James Heimgartner, Jess Quidichay, Jr., and Zocory Sullivan's Motion to Stay Discovery (ECF No. 131) is **GRANTED**. The remaining Scheduling Order deadlines are held in abeyance until the undersigned Magistrate

---

[17] The record does not reflect any party has served any notices of deposition.

[18] This result is consistent with this district's approach to staying discovery in cases where fewer than all defendants assert qualified immunity as a defense. *E.g., Monroe v. City of Lawrence*, No. 13-2086-EFM-DJW, 2013 WL 6154592 (D. Kan. Nov. 21, 2013) (staying discovery as to all defendants where claims are closely related, allowing discovery to proceed would cause prejudice, and bifurcated discovery would be impractical and inefficient); *Wedel v. Craig*, No. 10-1134-JWL, 2010 WL 11565384 (D. Kan. July 9, 2010) (same); *Howse v. Atkinson*, No. Civ.A. 04-2341 GTV-DJW, 2005 WL 994572 (D. Kan. Apr. 27, 2005) (same).

Judge convenes a telephone conference with counsel following the District Judge's rulings on the pending motions to dismiss.

Dated in Kansas City, Kansas on this 7th day of November, 2018.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge