### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL M. TONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 15-cv-3209-EFM-TJJ |
| | ) |
| GORDON HARROD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions (ECF No. 161). Plaintiff asks the Court to enter default judgment against Defendant Zacory Sullivan as a sanction for his repeated failure to respond to Plaintiff's discovery requests. Defendant Sullivan, through counsel, opposes the motion insofar as the relief it seeks, but does not dispute the factual basis for the motion.

### Background

This case arises out of events that occurred when Plaintiff was incarcerated at the El Dorado Correctional Facility.[1] Plaintiff asserts that Defendant Sullivan violated his Eighth Amendment right to be free of cruel and unusual punishment when Defendant Sullivan slammed the food port door on his hand, causing a cut on the back of his hand, and when Defendant Sullivan sprayed him with mace, burning Toney's skin and irritating his eyes, nose, mouth, and throat. Plaintiff filed this action pro se, and the court granted his motion to proceed *in forma pauperis* but denied his first motions for appointment of counsel. Ultimately, however, the

---

[1] *See* Plaintiff's Third Amended Complaint, ECF No. 81.

undersigned Magistrate Judge granted Plaintiff's oral motion for appointment of counsel,[2] and granted in part counsel's motion for leave to file a Third Amended Complaint.[3]

Plaintiff obtained personal service on Defendant Sullivan on May 16, 2018, but Defendant Sullivan failed to timely file a responsive pleading. On June 28, 2018, Plaintiff moved for entry of default.[4] The following day, counsel entered an appearance for Defendant Sullivan,[5] and Plaintiff moved to withdraw his default motion.[6] District Judge Melgren permitted the withdrawal.[7] Counsel for Defendant Sullivan filed a motion seeking an extension of time to file an answer or other response,[8] and the undersigned Magistrate Judge granted the motion.[9]

Defendant Sullivan responded to the Third Amended Complaint by filing a motion to dismiss,[10] which Judge Melgren denied on March 13, 2019.[11] Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant Sullivan's answer to the Third Amended Complaint was due on March 27, 2019. To date, Defendant Sullivan has not answered.[12]

Plaintiff served interrogatories and requests for production of documents on Sullivan, who failed to respond after Plaintiff's counsel had agreed to multiple requests by defense counsel

---

[2] ECF No. 61.
[3] ECF No. 79.
[4] ECF No. 97.
[5] ECF No. 98.
[6] ECF No. 99.
[7] ECF No. 101.
[8] ECF No. 100.
[9] ECF No. 103.
[10] ECF No. 113.
[11] ECF No. 140.

[12] The Court notes that apart from the instant motion, Plaintiff may avail himself of the procedure set forth in Fed. R. Civ. P. 55(a) to obtain default, which he could follow with application for default judgment based on Defendant Sullivan's failure to answer.

for additional time. When defense counsel was unable to locate Defendant Sullivan, Plaintiff filed a motion to compel his responses,[13] which the undersigned Magistrate Judge granted, giving Defendant Sullivan a 21-day deadline to comply.[14] Still having received no discovery responses, Plaintiff filed the instant motion.

Defendant Sullivan's counsel states that he has been unable to locate his client since Judge Melgren denied his motion to dismiss and the stay of discovery was lifted. Counsel states that Defendant Sullivan is no longer employed by the Department of Corrections, and that correspondence counsel sent to Defendant Sullivan to three different mailing addresses was returned. Although it is not clear whether the mail was returned as refused or as undeliverable, the result is that Defendant Sullivan has not complied with an order compelling him to respond to discovery, nor has he communicated with his counsel.

Although Plaintiff is justified in seeking sanctions against Defendant Sullivan, the Court finds default judgment is not the appropriate mechanism at this time. However, the Court will order Defendant Sullivan to show cause why he should not be held in contempt of court and/or fined for failure to comply with the court's discovery order.

**Dismissal as a Sanction**

A court has discretion to "order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."[15] In addition, if a party fails to obey "an order to provide or permit discovery," a court has discretion to "dismiss[] the action or proceeding in whole or in

---

[13] ECF No. 156.
[14] ECF No. 158.
[15] Fed. R. Civ. P. 37(d)(1)(A)(ii).

part."[16] "[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[17] In evaluating whether dismissal is appropriate, the court must consider "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[18]

The Court recognizes that Defendant Sullivan's failure to provide discovery responses causes prejudice to Plaintiff. Without the responses and knowing that Defendant Sullivan is not available for deposition, Plaintiff is stymied in developing facts to prosecute his Eighth Amendment claim, thereby causing interference with the judicial process. Defendant Sullivan has absented himself from the case, but the Court has not warned him that his failure to comply with its discovery order would subject him to the possible sanction of default judgment.[19] Although such warning is not mandatory, the Court finds it appropriate to formally caution Defendant Sullivan that default judgment may be entered against him if he continues to fail to comply with the federal rules and this Court's orders.

The court will once again order Defendant Sullivan to serve his discovery responses. Because Defendant Sullivan failed to make timely objections to Plaintiff's discovery requests, he has waived any objections he may have asserted.[20] If Defendant Sullivan does not serve his

---

[16] *See id.* Rule 37(b)(2)(A)(v).

[17] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citation omitted).

[18] *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citation omitted).

[19] *See* ECF No. 158.

[20] *See Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998).

4

discovery responses and produce all responsive documents on or before **September 21, 2020**, Plaintiff may move for entry of default and file a motion for default judgment for failure to comply with the federal rules and court orders. As the Court has noted, Plaintiff may instead choose to move for entry of default for Defendant Sullivan's failure to timely file an answer to Plaintiff's Third Amended Complaint.

## ORDER TO SHOW CAUSE

In light of Defendant Sullivan's conduct, the Court orders him to show cause in writing by **September 21, 2020**, why he should not be held in contempt of court and/or fined up to $100 per day from March 19, 2020 (the date the Court granted the motion to compel and ordered him to serve his discovery responses) until the day his discovery responses are actually served.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 161) is denied. Defendant Zacory Sullivan shall serve his discovery responses, without objections, to Plaintiff's Interrogatories and Request for Production of Documents, including producing all responsive documents, on or before **September 21, 2020**.

**IT IS FURTHER ORDERED** that no later than **September 21, 2020**, Defendant Zacory Sullivan shall show cause in writing to the Honorable Eric F. Melgren, why he should not be held in contempt of court and/or fined up to $100 per day from March 19, 2020, until the day his discovery responses are actually served.

Dated this 3rd day of September, 2020 at Kansas City, Kansas.

                                                                   *Teresa J. James*
                                                                   Teresa J. James
                                                                U. S. Magistrate Judge