IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL M. TONEY,

    *Plaintiff,*

vs.

    Case No. 15-3209-EFM

ZACORY SULLIVAN,

    *Defendant.*


**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Michael M. Toney's Motion for Entry of Judgment (Doc. 236). Toney argues that the Judgment (Doc. 231) entered by the Clerk after the close of trial does not conform to the Federal Rules of Civil Procedure. He asks the Court to formally approve and enter his proposed Judgment pursuant to Rule 58(d). As explained in more detail below, the Court denies Toney's motion.

### I.     Factual and Procedural Background

Plaintiff Toney sued Defendant Zacory Sullivan for violation of his Eighth Amendment rights. The jury trial of this case was held on October 6 and 7, 2021. The Verdict contained three questions. The first question asked whether the jury found in favor of Plaintiff Toney or Defendant Sullivan on Toney's Eighth Amendment claim. The second question asked what damages Toney sustained from the constitutional violation. The third question asked whether the answers to the

first two questions were unanimous.  In response to these questions, the jury unanimously found in favor of Toney on his Eighth Amendment claim and awarded him $1,000 in damages.

After jury returned its verdict, the Clerk filed a Courtroom Minute Sheet and a Judgment. The Courtroom Minute Sheet described the judgment as "GENERAL VERDICT for the plaintiff assessing damages in the amount of $1,000.00 plus post-judgment interest at the rate of 0.09% as provided by law."  No notice of appeal or post-trial motions were filed until Toney filed the instant motion.

### III.   Analysis

Toney argues that the Judgment entered in this case is insufficient because it was not approved by the Court.  A "judgment" is "a decree and any order from which an appeal lies."[1]  For a judgment to be final and appealable, it "must be set out in a separate document."[2]  Rule 58 sets forth two alternative procedures for entering judgment.  The first—set forth in Rule 58(b)(1)—requires the clerk to promptly enter judgment, without awaiting the court's direction, when: "(A) the jury returns a general verdict; (B) the court awards only costs or a sum certain; or (C) the court denies all relief."  The second—set forth in Rule 58(b)(2)—requires the court to approve the form of the judgment, which the clerk then enters, when: "(A) the jury returns a special verdict or a general verdict with answers to written questions; or (B) the court grants other relief not described in this subdivision (b)."

Toney argues that the Verdict in this case was a "general verdict with answers to written questions" under Rule 58(b)(2)(A).  According to Toney, the first question on the Verdict—asking

---

[1] Fed. R. Civ. P. 54(a).

[2] Fed. R. Civ. P. 58(a).

which party the jury found in favor of on Toney's claim—was a general verdict, and the second question on the Verdict—what damages were sustained by Toney—was a separate question of fact, converting the verdict into a "general verdict with answers to written questions." Toney thus argues that the Court erred when it did not approve the Judgment before the Clerk entered it as required by Rule 58(b)(2)(A). In response, Sullivan argues that the Verdict was a "general verdict," and thus the Clerk's entry of Judgment was proper under Rule 58(b)(1)(A). He argues that the second question on the Verdict regarding damages was not a "written question" within the meaning of Rule 58(b)(2)(A).

The Federal Rules of Civil Procedure contemplate three forms of verdicts: the general verdict, the special verdict, and the general verdict with answers to written questions.[3] Rule 49 provides for special verdicts and general verdicts with answers to written questions. A special verdict is a "verdict in the form of a special written finding on each issue of fact."[4] A general verdict with answers to written questions is "a general verdict, together with written questions on one or more issues of fact that the jury must decide."[5] The Rules do not define a "general verdict," but the courts, including the Tenth Circuit, have generally defined it as "the ultimate legal result of each claim."[6]

The Tenth Circuit has not addressed the issue before the Court—whether the inclusion of a question asking the amount of damages sustained by the plaintiff converts a general verdict to a

---

[3] *See* Fed. R. Civ. P. 58, 49; *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003).

[4] Fed. R. Civ. P. 49(a)(1).

[5] Fed. R. Civ. P. 49(b)(1).

[6] *Johnson v. ABLT Trucking Co.*, 412 F.3d 1138, 1142 (10th Cir. 2005) (quoting *Zhang*, 339 F.3d at 1031) (internal quotation marks omitted).

general verdict with written questions. Other courts that have addressed the issue, however, have concluded that it does not.[7] In *Zhang*, the Ninth Circuit held that "in a general verdict the jury announces only the prevailing party on a particular claim, *and may announce damages*."[8] Similarly, in *Turyna*, the Seventh Circuit held that, "[a]lthough the amount of damages is an issue of fact, this fact is specifically determined by the jury even under a general verdict form. Asking only this question cannot transform a general verdict into one under Rule 49(b)."[9] The verdict in *Turyna* asked which party prevailed on each of the plaintiff's three claims and the amount of damages to be awarded.[10] The Seventh Circuit explained that this verdict was a general verdict and not a general verdict with answers to written questions because the "jury was never asked any particular factual questions about the case, and Rule 49(b) plainly states that the written interrogatories must be 'upon one or more issues of fact the decision of which is necessary to a verdict.' "[11]

The Court agrees with the Ninth and Seventh Circuits and concludes that the Verdict in this case is a general verdict. The Verdict announces the ultimate legal result of Toney's claim. The fact that it also asks the amount of damages Toney sustained does not convert it into a general verdict with answers to written questions. This conclusion is consistent with the purpose behind

---

[7] *Zhang*, 339 F.3d at 1031; *Turyna v. Martam Const. Co., Inc.*, 83 F.3d 178, 182 (7th Cir. 1996).

[8] *Zhang*, 339 F.3d at 1031 (emphasis added).

[9] *Turyna*, 83 F.3d at 182.

[10] *Id*. at 183.

[11] *Id*. at 182. The *Turyna* court refers to a general verdict with answers to "written interrogatories" instead of a general verdict with answers to "written questions," but this is a distinction without a difference. Rule 49(b) was amended in 2007 to provide for "a general verdict with answers to written questions" instead of "a general verdict with answers to written interrogatories." The Advisory Committee Notes state that this change was stylistic only.

Rule 49(b). "The purpose of interrogatories is to give the parties an opportunity to ascertain whether the jury has understood and applied the law to the proven facts. The interrogatories, under federal practice, should elicit facts . . . ."[12] The Verdict did not ask the jury any particular factual questions about the case. Therefore, it is a general verdict, and the Clerk properly entered final judgment under Rule 58(b)(1)(A).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Judgment (Doc. 236) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of April, 2022.

ERIC F. MELGREN
CHIEF U.S. DISTRICT JUDGE

---

[12] *Gelfand v. Strohecker, Inc.*, 150 F. Supp. 655, 662 (N.D. Ohio 1956), aff'd, 243 F.2d 797 (6th Cir. 1957).